UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KAWS INC.,

                        Plaintiff,

-v-

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,

                        Defendants.

---

22-CV-9073 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On November 4, 2022, the Court entered an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (Dkt. No. 19) granting in part Plaintiff's ex parte application for temporary restraints on Defendants. A preliminary injunction hearing is currently scheduled for December 14, 2022.

In its November 4 Order, the Court denied Plaintiff's request to serve Defendants by email and online publication as impermissible under the Hague Convention. But, as the Court noted, the Convention is inapplicable where "the address of the person to be served with the document is not known to the party serving process." *Cengage Learning, Inc. v. Xuhong Wang*, No. 17 Civ. 4914, 2017 WL 11570668, at *2 (S.D.N.Y. Sept. 14, 2017). "Courts in this Circuit have found that an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018). "Reasonable diligence" requires some

1

investigation into potential physical addresses, which may include internet, telephone, or in-person research to verify whether an address is accurate. *See Smart Study Co. v. Acuteye-Us*, No. 1:21-CV-5860-GHW, 2022 WL 2872297, at *5-*6 (S.D.N.Y. July 21, 2022).

The Court stated that it would reconsider the propriety of service by email or online publication if Plaintiff could show that the Hague Convention does not apply because it failed to identify physical addresses for service for each defendant and demonstrated reasonable diligence in attempting to do so.

The Court now finds that Plaintiff has made a sufficient showing to serve the defendants listed on the First Amended Schedule A (Dkt. No. 22-1) via the electronic means of service requested in the Proposed Order to Show Cause at Docket Number 7, with the exception of the four defendants listed on pages 28 and 29 of the Declaration of Hong Hu (Dkt. No. 22-2).

Plaintiff represents that Alibaba, AliExpress, DHgate, and Etsy did not provide physical addresses for sixty-nine defendants as part of their production, despite the terms of the Court's order. (Dkt. No. 22). Given that there is no other means to obtain the physical addresses of those Defendants, alternative service by email or online publication is appropriate.

Plaintiff represents that for a further forty-nine defendants operating on Amazon, eBay, Walmart, and Wish, they could not be reached at the addresses provided by each marketplace platform. In most cases, the addresses were inaccurate or fake. (*See* Dkt. No. 22-2 ("Hong Hu Declaration")). For six of these defendants, the addresses were too remote to visit in person, access was restricted due to COVID-19 precautions, no one answered the door, or postal delivery was not complete as of the date that local counsel completed its declaration. (*Id*. ¶ 12.) Because the potential for further mail delays is unknown, and it is unclear whether Plaintiff will be able to

2

confirm the validity of these addresses within a reasonable time period, service by electronic means is permissible for the defendants listed in paragraph 12 of the Hong Hu Declaration.

For four defendants—southythoughcyy, liukang2734, Subaphoiner, and Lovelybaek—postal delivery succeeded. (*Id.* ¶ 13). For two of those—liukang2734 and Subaphoiner—Plaintiff confirmed that mail workers were able to contact the defendant merchants directly. Plaintiff nonetheless argues that it is doubtful that it will be able to formally effect service for any of these four defendants, because there is no guarantee that it will be able to obtain physical signatures on the service documents. But because Plaintiff has successfully identified the physical location of these Defendants, the Hague Convention clearly applies. Service must be effected by means permitted under the Convention. The Hague Convention "permits alternative methods of service unless the receiving country objects." *Smart Study Co.*, 2022 WL 2872297 at * 7 (citing *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, No. 19-CV-01167-JST, 2020 WL 5036085 (N.D. Cal. Aug. 19, 2020)). Here, Plaintiff proposes service by public announcement. While service by public announcement is not specified by the Convention, "Article 19 clarifies that the Convention does not preempt any internal laws of its signatories that permit service from abroad via methods not otherwise allowed by the Convention." *Smart Study Co.*, 2022 WL 2872297, at *8 (citing Water Splash, Inc. v. Menon, 137 S. Ct. 1504, 1508 (2017)).

Plaintiff represents that Chinese law permits service by means of public announcement on litigants "with or without a domicile" in China, if those litigants "cannot be served with regular service means permitted by Chinese laws." (*Id.* ¶ 15.) Paragraph 16, however, cites authority that applies only to litigants *not domiciled* in China. To the extent that Plaintiff can show that service by public announcement is permitted for litigants who *are* domiciled in

3

China—as the defendants listed in paragraph 13 appear to be—then alternate service by public announcement is permitted only as to Defendants southythoughcyy and liukang2734. Because Plaintiff has received direct confirmation that it is likely to be able to serve Subaphoiner and Lovelybaek directly, it is ordered to serve them through "regular means" as required by Chinese law. Only upon a showing that that form of service is unsuccessful as to those two Defendants will the Court permit alternate service under Chinese law.

Finally, Plaintiff represents that two Defendants are domiciled in Algeria, not China, and that Algeria is not a signatory to the Hague Convention. (Dkt. No. 22-3 ¶ 13). As such, service by electronic means is permitted for those defendants.

Plaintiff is directed to effect service on all defendants without delay by the means specified above.

SO ORDERED.

Dated: December 2, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge