UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAWS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE INDIVIDUALS, CORPORATIONS, )<br>LIMITED LIABILITY COMPANIES, )<br>PARTNERSHIPS, AND )<br>UNINCORPORATED ASSOCIATIONS )<br>IDENTIFIED ON SCHEDULE A HERETO, )<br>)<br>Defendants. )<br>)<br>) | Case No.: 1:22-cv-09073-JPO |

**CONSENT JUDGMENT**

This action having been commenced by Plaintiff KAWS, INC. ("Plaintiff") against Defendant No. 137 (saidesi) ("Defendant"). Plaintiff and Defendant have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendant because the Defendant directly targets its business activities toward consumers in the United States, including New York, offering to sell and ship products into this Judicial District. Specifically, Defendant is reaching out to do business with New York residents by operating one or more commercial, interactive Internet Stores through which New York residents can purchase products bearing counterfeit versions of products incorporating the KAWS trademarks, which are covered by U.S. Trademark Registration Nos. 6,046,763, 6,047,656, 6,102,259, 6,102,260, and 6,116,823 (the "KAWS Trademarks") and/or the KAWS copyrights, which are covered by at least U.S. Copyright Office Registration VA 2-180-272 and VA 2-182-652 (collectively, the

"KAWS Copyright Registrations").

THIS COURT FURTHER FINDS that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and copyright infringement (17 U.S.C §§ 106 and 501, *et seq*.).

IT IS HEREBY ORDERED that:

1. Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with it be permanently enjoined and restrained from:

    a. using Plaintiff's KAWS Trademarks, KAWS Copyright Registrations, or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine KAWS Product or not authorized by Plaintiff to be sold in connection with Plaintiff's KAWS Trademarks and/or KAWS Copyright Registrations;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine KAWS Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's KAWS Trademarks and/or KAWS Copyright Registrations;

    c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing Plaintiff's KAWS Trademarks and/or KAWS Copyright Registrations and damaging Plaintiff's goodwill;

    e.   manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's KAWS Trademarks and/or KAWS Copyright Registration or any reproductions, counterfeit copies, or colorable imitations thereof.

2. The parties have agreed to a damages amount to be paid by Defendant in order to settle all claims, as memorialized in the parties' settlement agreement (the "Damages Amount"). Defendant has elected to pay the Damages Amount from funds currently frozen in their Walmart.com ("Walmart") accounts.

3. Walmart is ordered to transfer the Damages Amount from Defendant's account to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of Damages Amount to Plaintiff pursuant to paragraph 3, Walmart shall remove any restraints that were placed on Defendant's e-commerce store and financial account pursuant to the Temporary Restraining Order [19].

5. This case is dismissed with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

6. Each party shall bear its own attorney's fees and costs.

SO ORDERED.

Signed this 9th day of February, 2023 at 2:45 p.m., New York, NY.

The Clerk of Court is directed to terminate Defendant saidesi from this action.

_____
J. PAUL OETKEN
United States District Judge