UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KAWS, INC.,

                      Plaintiff,

-v-

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,

                      Defendants.

22-CV-9073 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff KAWS, Inc. owns copyrights and trademarks relating to its artistic works, the most famous of which are certain figurative characters and motifs with a distinctive skull-and-crossbones head and/or X eyes.  Defendants are internet-based merchants located abroad who allegedly sell counterfeit KAWS items via their internet storefronts.  No Defendant has filed an answer or otherwise appeared in this action.  Pending before the Court is Plaintiff's motion for default judgment, a permanent injunction, and statutory damages in the amount of $150,000 per Defendant on its copyright and trademark claims.  (ECF No. 41.)  For the reasons that follow, Plaintiff's motion is granted.

I.    **Background**

    A.    **Factual Background**

    For purposes of deciding the motion for default judgment, the Court accepts as true all factual allegations pleaded in Plaintiff's complaint.  (ECF No. 1.)  *See Bricklayers & Allied*

*Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const.*, LLC, 779 F.3d 182, 187 (2d Cir. 2015).

Plaintiff KAWS, Inc. is the corporate entity through which the artist and designer Brian Donnelly, pseudonym KAWS, conducts business.  (*See* ECF No. 1 ¶ 25.)  Donnelly has been creating images and sculptures based on his own original characters since he began a career as a graffiti artist in the early 1990s.  (*Id.*)  Donnelly is well known for his work as KAWS, with his art described as a "bona fide cultural phenomenon" that has caused him to be considered as one of the "most influential people . . . in the contemporary art world."  (*Id.* ¶ 26.)  KAWS, Inc. owns two copyrights relating to Donnelly's work, holding Copyright Registration Numbers VA 2-180-272 and VA 2-182-652.  (*Id.* ¶ 21.)  It also owns five trademarks relating to Donnelly's work, holding U.S. Trademark Registration Numbers 6,046,763; 6,047,656; 6,102,259; 6,102,260; and 6,116,823.  (*Id.* ¶ 22.)  Plaintiff has submitted images of each copyright and trademark relevant to the case.  (ECF No. 1-1; No. 1-2.)

The KAWS works are known for their "distinctive shared visual and conceptual vocabulary involving skull-and-crossbones heads and/or X eyes."  (*Id.* ¶ 27.)

The following are images of works for which Plaintiff owns registered copyrights:



(*Id.* ¶ 63.)

Defendants are over one hundred internet storefronts located abroad and accused of improperly advertising, marketing, and/or selling unauthorized, counterfeit KAWS products with shipment to New York and throughout the United States. (*Id.* ¶¶ 3, 37.) Defendants do so under the guise that they are selling genuine KAWS products. (*Id.* ¶ 39.) Examples of the allegedly counterfeit works include the following:



(*Id.* ¶ 63.)

B.     **Procedural Background**

On October 24, 2022, Plaintiff filed a complaint for copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*.; trademark infringement and counterfeiting pursuant to the Lanham Act, 15 U.S.C. §§ 1114 and 1117; false designation of origin pursuant to the Lanham Act, 15 U.S.C. § 1125(a); and unfair competition under New York law.  The Court entered a temporary restraining order against Defendants on November 4, 2022 (ECF No. 19), followed by a preliminary injunction on December 16, 2022.[1]  (ECF No. 28.)  No Defendant appeared at the preliminary injunction hearing.  Plaintiff obtained a Clerk's Certificate of Default as to the Defendants listed in the Second Amended Schedule A on January 12, 2023.  (ECF No. 34.)  On February 14, 2023, Plaintiff moved for default judgment as to the Defendants that had not been voluntarily dismissed as of that date.  (ECF No. 41.)  Plaintiff submitted an affidavit of service of the motion for default judgment and all supporting papers on February 27, 2023.  (ECF No. 46.)  The defaulting Defendants are listed in the Third Amended Schedule A.  (ECF No 42-1.)  Plaintiff has since voluntarily dismissed two Defendants that were listed in the Third Amended Schedule A.  (ECF No. 48.)

In its motion for default judgment, Plaintiff seeks (1) statutory damages in the amount of $150,000 per Defendant and (2) a permanent injunction prohibiting Defendants from selling counterfeit/infringing products, permanently disabling the domain names used by the Defendants to sell the counterfeit/infringing products, and transferring all assets in the Defendants' financial accounts to Plaintiff.

---

[1] On December 2, 2022, the Court entered an order permitting Plaintiff to serve Defendants located abroad using alternative methods of service under Federal Rule of Civil Procedure 4(f)(3).  (ECF No. 24.)

**II.     Legal Standard**

When a defendant "has failed to plead or otherwise defend" a lawsuit, that defendant is in default and is deemed, for purposes of liability, to have admitted all well-pleaded allegations in the complaint. *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 343–44 (S.D.N.Y. 2014) (quoting Fed. R. Civ. P. 55(a)).  At that point, the plaintiff is entitled to default judgment if the complaint's allegations "establish [the defendant's] liability as a matter of law." *Id.* at 344 (alteration in original) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

In contrast to the facts supporting liability, however, "the amount of damages" alleged in the complaint "are not deemed true" in the event of a default. *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003) (quoting *Credit Lyonnais Sec. (USA) v. Alcantara*, 183 F.3d 151, 152 (2d Cir. 1999)).  Rather, after a court has determined that entry of default judgment against a defendant on a particular claim is appropriate, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty" by "determining the proper rule for calculating damages on such a claim, and assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.* (quoting *Credit Lyonnais*, 183 F.3d at 152).

**III.    Discussion**

Plaintiff asserts claims under the Copyright Act and the Lanham Act in its motion for default judgment.

 **A.     Liability**

  **1.     Copyright Claims**

"To prevail on the copyright claim, a plaintiff must demonstrate ownership of a valid copyright and unauthorized copying of the copyrighted work." *McGraw Hill LLC v. Doe 1*, No. 20-CV-0356, 2022 WL 2979721, at *3 (S.D.N.Y. July 26, 2022) (citing *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003)).  Plaintiff has demonstrated ownership of two valid

copyrights in the KAWS works, as stated above. Plaintiff has also demonstrated that the Defendants have engaged in unauthorized copying of its copyrighted work via its submissions at ECF Numbers 14 and 15. This is sufficient to make out a prima facie case of copyright infringement.

### 2. Trademark Claims

To prevail on its trademark infringement and counterfeiting claim, Plaintiff must establish that (1) its mark is entitled to protection and (2) the defendant's use of the mark is likely to cause confusion. *See Spin Master, Inc. v. Amy & Benton Toys & Gifts Co.*, No. 17-CV-5845, 2019 WL 464583, at *3 (S.D.N.Y. Feb. 6, 2019). Similarly, to prevail on its false designation of origin claim, Plaintiff "must demonstrate that [it has] valid marks entitled to protection, and that Defendants' use of the marks is likely to cause consumers confusion as to the origin of Defendants' goods." *McGraw Hill*, 2022 WL 2979721, at *3 (citing *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003)). Plaintiff has pleaded facts demonstrating that it owns valid trademarks entitled to protection, as discussed above. It has also pleaded facts supporting a conclusion that Defendants' use of the marks is likely to confuse online purchasers and to cause a mistaken association between Defendants' counterfeit products and Plaintiff's works. (*See* ECF No. 1 ¶¶ 88–90; ECF Nos. 14 and 15.) The same analysis applies to Plaintiff's false designation of origin claim under the Lanham Act.

Plaintiff has satisfied the prerequisites to entry of default judgment on its copyright and trademark claims. The Court therefore grants Plaintiff's motion for default judgment.

### B. Statutory Damages

Plaintiff seeks statutory damages against each Defendant in the amount of $150,000 for their willful copyright and trademark violations.

       **1.     Copyright Claims**

Under § 504(c) of the Copyright Act, a copyright owner is entitled to recover statutory damages in lieu of actual damages and profits "in a sum of not less than $750 or more than $30,000 as the court considers just" per infringer. 17 U.S.C. § 504(c)(1). If the infringement was committed willfully, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2). Willfulness means the infringer had actual or constructive "knowledge that its actions constitute an infringement." *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986). It is not necessary that the infringer acted maliciously. *Id.* (citation omitted). Moreover, willfulness "need not be proven directly but may be inferred from the defendant's conduct." *N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992).

In determining the amount of statutory damages to award, courts generally consider:

> (1) "the expenses saved and the profits reaped," (2) "the revenues lost by the plaintiff," (3) "the value of the copyright," (4) "the deterrent effect on others besides the defendant," (5) "whether the defendant's conduct was innocent or willful," (6) "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced," and (7) "the potential for discouraging the defendant."

*Manno v. Tenn. Prod. Ctr., Inc.*, 657 F.Supp.2d 425, 433 (S.D.N.Y. 2009) (citing Fitzgerald, 807 F.2d at 1117.) Because Defendants have failed to appear, the Court cannot meaningfully assess the first or second factors. The same is true of the seventh factor, which implicates specific deterrence. The third, fourth, fifth, and sixth factors, however, weigh in favor of awarding substantial statutory damages. On the third, Plaintiff has offered facts supporting a conclusion that the KAWS copyrights are high in value and well-known in reputation, both in the art world and commercially. (ECF No. 1 ¶¶ 31, 35.) On the fourth, the presence of numerous Defendants selling the counterfeit goods through online storefronts indicates that there is a need

7

for general deterrence.  *See McGraw Hill*, 2022 WL 2979721 at *5.  On the fifth, the substantial similarity between the KAWS copyrights and the Defendants' infringing goods supports a conclusion that the conduct was willful.  So, too, does the fact that the Defendants took great pains to conceal their true identities.  (*See* ECF No. 1 ¶ 43–44.)  On the sixth, the Defendants have not cooperated in this action, given their failure to appear.

 "Rather than rewarding infringers in cases" where the defendant has failed to appear, courts in the Southern District "draw[ ] every reasonable inference on these points against defendants."  *Jordan Mozer & Assocs., Ltd. v. Starck*, No. 13 CIV. 1181 JPO, 2014 WL 1327960, at *2 (S.D.N.Y. Apr. 3, 2014) (quoting *Philip Morris USA Inc. v. A & V Minimarket Inc.*, 592 F.Supp.2d 669, 674 (S.D.N.Y. 2009)).

The Court therefore concludes that an award of significant statutory damages is appropriate.

### 2. Trademark Claims

Pursuant to the Lanham Act, statutory damages range from $1,000 to $200,000 per mark for non-willful violations and up to $2 million per mark for willful violations.  15 U.S.C. 1117(c).  The factors that courts consider in awarding statutory damages under the Lanham Act are the same as those under the Copyright Act.  *See Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999).  The Court therefore need not repeat the analysis.

### 3. Amount of Statutory Damages

While some courts have permitted plaintiffs to recover separate statutory damages under the Copyright Act and the Lanham Act in the same case, *see, e.g.*, *McGraw Hill*, 2022 2979721 at *7, Plaintiff seeks $150,000 total against each Defendant, encompassing statutory damages under both statutes.

The Court concludes that this sum is appropriate, especially in light of the willfulness of the Defendants' conduct and the high value of the KAWS copyrights and trademarks.

### C.     Permanent Injunction

Plaintiff seeks a permanent injunction prohibiting Defendants from selling counterfeit/infringing products; permanently disabling the domain names used by the Defendants to sell the counterfeit/infringing products; and transferring all assets in the Defaulting Defendants' financial accounts to Plaintiff.

A Court may enter a permanent injunction if the plaintiff has demonstrated: "(1) that it suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that the balance of hardships between the parties warrants a remedy in equity for the plaintiff; and (4) that the public interest would not be disserved." *McGraw Hill*, 2022 WL 2979721, at *7 (citation omitted).  Those factors are met here, especially in light of Defendants' failure to appear or engage in discovery in this matter. *See, e.g.*, *Lauratex Textile Corp. v. Allton Knitting Mills Inc.*, 519 F.Supp. 730, 732 (S.D.N.Y. 1981) (noting that injunctive relief is appropriate where money damages will not suffice due to the likelihood that the defendant will continue to infringe upon the copyright).

## IV.   Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED as to all Defendants who have not been voluntarily dismissed from this case.  A separate judgment will be issued.  **The Clerk of Court is directed to close the motion at ECF Number 41.**

SO ORDERED.

Dated: September 5, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge